Steven D. Allison (SBN 174491)
steven.allison@troutman.com
Samrah Mahmoud (SBN 285168)
samrah.mahmoud@troutman.com
Jenna U. Nguyen (SBN 307929)
jenna.nguyen@troutman.com
**TROUTMAN SANDERS LLP**
5 Park Plaza, Suite 1400
Irvine, CA  92614
Telephone: (949) 622-2700
Facsimile: (949) 622-2739

Attorneys for Defendant
Blue Cross of California d/b/a Anthem Blue Cross

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. REITEN, MD FACS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA, doing business as ANTHEM BLUE CROSS, a California Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  2:19-cv-05274-AB-AFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Date:           April 10, 2020<br>Time:          10:00 a.m.<br>Courtroom:  7B<br><br>Action Filed:  May 7, 2019<br>FAC Filed:     September 30, 2019<br>SAC Filed:     February 6, 2020 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................... 1
II. BACKGROUND ........................................................................................ 2
    A. Procedural History ........................................................................... 2
    B. Factual Allegations .......................................................................... 3
III. ARGUMENT ............................................................................................. 5
    A. Legal Standard ................................................................................ 5
    B. Plaintiff's Cause of Action Under ERISA Fail as a Matter of Law .................................................................................................. 6
        1. Plaintiff Has Failed to State a Claim for Benefits Under ERISA .................................................................................... 6
    C. Plaintiff's Cause of Action For Quantum Meruit Fail as a Matter of Law ................................................................................... 8
        1. The Court Has Supplemental Jurisdiction Over the Quantum Meruit Claim ................................................................ 8
        2. Plaintiff Has Failed to Allege the Essential Elements of a Cause Of Action For Quantum Meruit ..................................... 11
IV. CONCLUSION ........................................................................................ 14

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Case 2:19-cv-05274-TJH-AFM Document 40-1 Filed 03/05/20 Page 3 of 20 Page ID #:781

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acri v. Varian Assocs., Inc.*,
114 F.3d 999 (9th Cir.1997) ............................................................................... 9

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
99 F. Supp. 3d 1110 (C.D. Cal. 2015) ................................................................ 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................... 6, 8, 14

*B.R. v. Beacon Health Options*,
No. 16-CV-04576-MEJ, 2017 WL 5665667 (N.D. Cal. Nov. 27, 2017) ......................................................................................................... 6

*Baer v. First Options of Chicago, Inc.*
72 F.3d 1294 (7th Cir. 1995) ............................................................................. 9

*Barlow Respiratory Hosp. v. Cigna Health & Life Ins. Co.*,
No. 15-CV-08411, 2016 WL 7626446, at *3 (C.D. Cal. Sept. 30, 2016) ................................................................................................................ 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................... 6, 8, 14

*California Medical Ass'n. v. Aetna U.S. Healthcare of California, Inc.*,
94 Cal App. 4th 151 (2001) ............................................................................. 13

*Car Carriers, Inc. v. Ford Motor Co.*,
745 F.2d 1101 (7th Cir. 1984) ........................................................................... 6

*Cmty. Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co.*,
119 F. Supp. 3d 1042 (N.D. Cal. 2015) ........................................................... 12

*Day v. Alta Bates Med. Ctr.*,
98 Cal. App. 4th 243 (2002) ...................................................................... 11, 12

*Donovan v. Dillingham*,
688 F.2d 1367 (11th Cir.1982) .......................................................................... 8

- ii -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*,
   No. 10-cv-04911-EJD, 2011 U.S. Dist. LEXIS 75433 (N.D. Cal. July 13, 2011) ................................................................................................8

*Forest Ambulatory Surgical Assocs. v. United HealthCare Ins. Co.*,
   No. 10- CV-04911-EJD, 2011 WL 2748724 (N.D. Cal. July 13, 2011) ................................................................................................6

*Fresno Cmty. Hosp. & Med. Ctr. v. Souza*,
   No. 07-cv-0325, 2007 WL 1994056 (E.D. Cal. July 5, 2007) ...........................10

*Gomez v. Rossi Concrete, Inc.*,
   270 F.R.D. 579 (S.D. Cal. 2010) .................................................................9, 10

*Hishon v. King & Spalding*,
   467 U.S. 69 (1984) ..............................................................................................6

*Estate of McLaughlin v. Owen*,
   No. 11-cv-2287, 2011 WL 4527398 (N.D. Cal. Sept. 20, 2011) .......................10

*Namdy Consulting, Inc. v. UnitedHealthcare Ins. Co.*,
   No. CV 18-01283-RSWL-KS, 2019 WL 1470849 (C.D. Cal. Apr. 3, 2019) ................................................................................................14

*Nieto v. Blue Shield of California Life & Health Insurance Co.*,
   181 Cal. App. 4th 60 (2010) ..............................................................................13

*Ochs v. PacifiCare of· California*,
   115 Cal. App. 4th 782, 794 (2004) ....................................................................11

*Orthopedic Specialists of S. Cal. v. Cal. Pub. Emps. Ret. Sys.*,
   228 Cal. App. 4th 644 (2014) ............................................................................13

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984) ...............................................................................6

*Sparrow v. Mazda Am. Credit*,
   385 F. Supp. 2d 1063 (E.D. Cal. 2005) ...............................................................9

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES
# (continued)

**Page(s)**

*Steelman v. Prudential Ins. Co. of Am.*,
   No. CIV S-06-2746 LKKGGH, 2007 WL 1080656, at *7 (E.D. Cal.
   Apr. 4, 2007) .................................................................................................. 8

*Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*,
   No. 17-cv-3871, 2017 WL 4517111 (N.D. Cal. Oct. 10, 2017) ........................ 12

*United Mine Workers v. Gibbs*,
   383 U.S. 715 (1966) ................................................................................. 8, 10

**Statutes**

28 U.S.C. § 1367(a) .............................................................................................. 9

28 U.S.C. § 1367(c) ........................................................................................ 9, 10

ERISA ................................................................................................... *passim*

ERISA § 502(a)(1)(B) ............................................................................ 3, 6, 7, 8

California Health and Safety Code § 1389.3 ............................................... 13

California Health & Safety Code § 1371.4 ................................................. 13

Knox-Keene Act ............................................................................... 13, 14

**Other Authorities**

FRCP Rule 12(b)(6) ..................................................................................... 5, 6

United States Constitution Article III ........................................................... 9

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- iv -

## I. INTRODUCTION

Plaintiff's Second Amended Complaint once again fails to state any claim under which he would be entitled to further payments for the services he allegedly provided. Plaintiff's Second Amended Complaint alleges two claims against Defendant Blue Cross of California d/b/a Anthem Blue Cross ("Anthem"): (1) a claim under the Employee Retirement Income Security Act of 1974 ("ERISA") concerning medical services performed for (and at the behest of) three (3) patients with plans governed by ERISA (the "ERISA Patients"); and (2) a quantum meruit claim concerning medical services performed for (and at the behest of) three (3) patients with non-ERISA plans (the "Non-ERISA Patients"). Plaintiff's Second Amended Complaint is again premised on the mistaken belief that he—an out-of-network provider—is entitled to the *full amount of his billed charges* for medical services he allegedly provided. Plaintiff, however, is entitled to no additional amounts for these alleged services under either California or federal law.

First, Plaintiff has failed to state a plausible claim for relief under ERISA. The Court has already ruled on Plaintiff's prior Amended Complaint that Plaintiff must allege the provisions of the ERISA plans that entitle Plaintiff to benefits. While Plaintiff's Second Amended Complaint regurgitates certain provisions of Anthem ERISA-governed benefit plans, he does not provide any facts demonstrating how these provisions entitle him to additional reimbursements. In fact, these provisions on their face clearly show that Plaintiff is not entitled to the full amount of his billed charges. And because Plaintiff has already been paid all that to which he is entitled under the terms of the ERISA-governed plans, Plaintiff cannot state a claim under ERISA. As such, Plaintiff's claim with respect to the ERISA-governed plans should be dismissed with prejudice.

Second, Plaintiff's quantum meruit claim also fails as a matter of law. Plaintiff does not allege—nor can he allege—that Anthem made a specific request for the alleged services or benefitted from those services, *i.e.*, essential elements to

state a quantum meruit claim. Instead, the Second Amended Complaint consists of general, conclusory allegations that are devoid of any factual support. This is insufficient, and his quantum meruit claim should also be dismissed.

In sum, Plaintiff's Second Amended Complaint should be dismissed with prejudice.

## II. BACKGROUND

### A. Procedural History

Plaintiff commenced this lawsuit on May 7, 2019, in the Superior Court for the State of California, County of Los Angeles, Case No. 19STCV16014 (the "State Court Action"). The Complaint listed one quantum meruit cause of action for medical claims related to 12 patients at issue. On May 17, 2019, Anthem was served with the Complaint and Summons in the State Court Action. The Notice of Removal [Dkt. 6] was timely filed on June 17, 2019.

On July 24, 2019, Anthem moved to dismiss the original Complaint [Dkt. 13], Plaintiff opposed [Dkt. 14], and Anthem filed a brief in reply [Dkt. 16]. On September 17, 2019, the Court issued an order granting in part Anthem's motion to dismiss without prejudice on Plaintiff's quantum meruit claim with respect to the patients with ERISA governed plans [Dkt. 18]. With respect to the patients with non-ERISA governed plans, the Court declined to address the sufficiency of Plaintiff's quantum meruit claim until Plaintiff asserted a viable ERISA claim over which the Court has subject matter jurisdiction [Dkt. 18]. Thereafter, on September 30, 2019, Plaintiff filed his Amended Complaint [Dkt. 19]. On October 29, 2019, the Parties filed a Stipulation to dismiss 6 of the patients claims, narrowing the remaining claims in the Amended Complaint to 6 claims, 3 patient claims with ERISA governed plans and 3 patient claims with non-ERISA plans [Dkt. 26].

On October 30, 2019, Anthem moved to dismiss the Amended Complaint [Dkt. 27], Plaintiff opposed [Dkt. 31], and Anthem filed a brief in reply [Dkt. 32]. On December 3, 2019, the Court issued an order granting Anthem's motion to

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  dismiss without prejudice on Plaintiff's Amended Complaint [Dkt. 34]. With
2  respects to the ERISA-governed plans, the Court held that Plaintiff failed to state a
3  cause of action for violation of § 502(a)(1)(B) of ERISA [Dkt. 34]. With respect to
4  the patients with non-ERISA governed plans, the Court again declined to address
5  the sufficiency of Plaintiff's quantum meruit claim given that Plaintiff did not assert
6  viable ERISA claim over which the Court has subject matter jurisdiction [Dkt. 34].
7  Thereafter, on February 6, 2020, Plaintiff filed his Second Amended Complaint.

### B. Factual Allegations

Plaintiff is an "out-of-network" medical provider with Anthem and is located in California. Sec. Am. Compl. at ¶ 1. According to the Second Amended Complaint, Plaintiff and Anthem "had no opportunity to enter into a formal contract for REITEN's services" and "did not have a contract applicable to its members." *Id.* ¶¶ 11, 20, 29, 44, 53, 62.

Plaintiff acknowledges that the patients' health plans form the basis for his claims. *See, e.g.*, Sec. Am. Compl. ¶ 72 ("[a]t all relevant times, these patients were members of a BLUE CROSS health plan.").

With regards to the ERISA Patients, Plaintiff references certain plan terms to conclude that he is entitled to full billed charges of the services he rendered. With respect to Patients O.H. and L.A. (who have the same plan), Plaintiff cites to page 69 of the plan, which states:

> "**Using an Out-of-Network Provider**
>
> "Please keep in mind that there will be occasions when, while being treated by a MPTF/TIHN doctor, you may need the services of a Specialist not available in the network. If you choose to see a Specialist outside the TIHN network, these doctors will be covered at 50% of the Allowable Amount for Out-of-Network Providers or 90% in the case of In-Network Providers less your Co-Pay."

Compl. ¶¶ 11, 20. Plaintiff also cites to page 94 of the plan, which states:

> "If you fail to obtain Preauthorization for an Out-of-Network benefit, when Preauthorization is required as

41461798
- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1 specified in the summary table above, you will be subject to a reduction in benefits. You must pay 50% of the costs for such service or supply."

*Id.* Plaintiff finally cites to page 132 of the plan, which states:

"Allowable Amount: The maximum amount a plan allows for a covered service. For In-Network Providers the Allowable Amount is the contracted rate. For Out-of-Network Providers each medical network determines the Allowable Amount for the MPI Health Plan. The Allowable Amount is always less than or equal to the Billed Charge. Covered services are paid by the Plan at the rate of 50% of either the 70th percentile of the UCR schedule or the Anthem Blue Cross/BlueCard fee schedule. The $15 or $30 Co-Payment per visit still applies ($30 Co-Payment if the Participant resides within the MPTF service area defined on page 67 but chooses to not use one of the MPTF health centers or receive and use a TIHN Provider). The patient is also responsible for any Balance Billing."

*Id.* Plaintiff provides no other plan terms, as well as no other allegations with regards to the plan terms he cites, for Patients O.H. and L.A. With respect to Patient J.R., Plaintiff cites to page 69 of the plan, which states:

"Non-PPO Providers (Out-of-Network) Refers to Providers who are not contracted with the Plan's PPO network. Non-PPO Providers can charge whatever they want for services, as they have not agreed to a negotiated rate. The fees charged by Non-PPO Providers may be higher than the Plan's Allowed Amount. When that happens, you are responsible for your 50% coinsurance plus any charges above the Plan's Allowed Amount (this is known as Balance Billing). To avoid Balance Billing, Participants should use PPO Providers."

*Id.* ¶ 29. Plaintiff also cites to page 46 of the plan, which states:

"**Non-PPO Providers**: Out-of-Network Providers, referred to as "Non-PPO Providers" have no agreements with Anthem Blue Cross, HMC or Podiatry Plan, Inc. and are generally free to set their own charges for the services or supplies they provide. For covered services and supplies from Non-PPO Providers, the Fund generally pays 50% of the Allowed Amount, subject to the Fund's deductibles."

*Id.* Plaintiff provides no other plan terms, as well as no other allegations with regards to the plan terms he cites, for Patient J.R.

///

41461798

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

With regards to the Non-ERISA Patients, Plaintiff alleges he provided work, labor, and medical services "at the request of Blue Cross through the patients" and because of "the implied promise to pay the reasonable value" for the same. *Id.* ¶ 68 Plaintiff does ***not***, however, allege when the alleged promise was made, who specifically made the alleged promise, where it was made, how it was made, or the express terms of the alleged promise(s). *See id.*, generally. Nor does he allege that he contacted Anthem before rendering any of the alleged services or that someone at Anthem actually made any promises to him.

Nevertheless, Plaintiff alleges he is owed the difference between the amount paid by Anthem and his full billed charges. *Id.* ¶¶ 69-70. In other words, Plaintiff alleges he is entitled to recover from Anthem because he has not been paid the full price of the services he rendered to the patients. *See id.* Moreover, while Plaintiff makes general allegations regarding California's regulations for emergency services and posits that he allegedly provided emergency services to all of the patients, Plaintiff does not plead any specific allegations regarding the patients or their treatment. *See id.*, generally.

Plaintiff further alleges that "[b]y failing and refusing to pay said medical plan benefits, BLUE CROSS has breached the terms and conditions of the BLUE CROSS health plans and abused its discretion as the administrator of the BLUE CROSS health plans by failing to pay medical benefits on behalf of the patients described herein." *Id.* ¶ 39.

At bottom, Plaintiff's Second Amended Complaint ultimately alleges that Plaintiff is entitled to recover the full price he billed for the services he rendered to the Patients without providing any basis for the same. *See id.,* generally.

## III. ARGUMENT

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) of the FRCP is to be granted when "it is clear that no relief could be granted under any set of facts that could be proved

- 5 -

41461798
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal under Rule 12(b)(6) of the FRCP is appropriate when there is either a "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**B.     Plaintiff's Cause of Action Under ERISA Fail as a Matter of Law**

    **1.     Plaintiff Has Failed to State a Claim for Benefits Under ERISA**

To recover under § 502(a)(1)(B), a plan participant or beneficiary must show that he and/or she is due benefits "under the terms of [the] plan." Thus, to state a claim for denial of benefits under ERISA, a plaintiff must allege plausible facts showing they were (and are) owed benefits under the controlling ERISA plan. *See B.R. v. Beacon Health Options*, No. 16-CV-04576-MEJ, 2017 WL 5665667, at *3 (N.D. Cal. Nov. 27, 2017). Specifically, as the Court noted in its Order granting Anthem's Motion to Dismiss Plaintiff's prior Amended Complaint, "To state a claim under [§ 502(a)(1)(B)], a plaintiff must allege facts that establish [1] the existence of an ERISA plan as well as [2] the provisions of the plan that entitle it to benefits." (quoting *Forest Ambulatory Surgical Assocs. v. United HealthCare Ins. Co.*, No. 10- CV-04911-EJD, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011) (alterations added)) [Dkt. 34]. The Court further emphasized in its Order that

- 6 -

"Accordingly, [a] plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." (quoting *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc*., 99 F. Supp. 3d 1110, 1555-58 (C.D. Cal. 2015) (internal quotation marks omitted)) [Dkt. 34].

This Court has already ruled on Plaintiff's prior Amended Complaint that Plaintiff failed to state a cause of action for violation of § 502(a)(1)(B) because Plaintiff "failed to identify a specific plan term that confers the benefit in question with respect to each of the identified ERISA patients" [Dkt. 34]. Plaintiff's Second Amended Complaint still does not, and cannot, meet this standard in order to state a cause of action for violation of § 502(a)(1)(B). While Plaintiff alleges that the ERISA Patients are members of ERISA health plans in his Second Amended Complaint and recites certain provisions, he makes no attempt to tie these provisions to his request for relief, nor does he allege any facts that would establish he is entitled to further payments under these provisions.

If anything, these provisions on their face clearly demonstrate that Plaintiff is *not* entitled to the amounts he seeks, which are *full billed* charges for the services. With regards to Patients O.H. and L.A., the provisions Plaintiff references provide that Anthem will reimburse at the rate of 50% of the Allowable Amount, which is always less than or equal to the Billed Charge. Compl. ¶¶ 11, 20. And with regards to Patient J.R., the provisions Plaintiff references provide that Anthem will reimburse at the rate of 50% of the Allowed Amount, subject to any deductibles. *Id.* ¶ 29.[1] Plaintiff alleges no other provisions nor any facts to describe otherwise. Thus, these provisions on their face do not support Plaintiff's requested relief.

Courts routinely dismiss similar ERISA claims where plaintiffs fail to identify the specific plan provision affording the plaintiffs additional benefits. *See,*

---

[1] Anthem does not concede that these are the correct plan terms. Nonetheless, even assuming these are the correct terms per Plaintiff's Complaint, they still expressly do not entitle Plaintiff to the benefits he seeks.

*e.g. Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, No. 10-cv-04911-EJD, 2011 U.S. Dist. LEXIS 75433, at *13 (N.D. Cal. July 13, 2011) ("To state a claim under [§ 502(a)(1)(B)], a plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits.")(quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982)). Indeed, "The Court may... dismiss an action if the plaintiff is not entitled to a benefit they seek under the ERISA-regulated plan." *Steelman v. Prudential Ins. Co. of Am.*, No. CIV S-06-2746 LKKGGH, 2007 WL 1080656, at *7 (E.D. Cal. Apr. 4, 2007) (internal quotation marks omitted) (granting motion to dismiss when plaintiff failed to set forth any allegations which would entitle them to benefits of a plan).

Absent allegations about the specific plans' terms that demonstrate that Plaintiff is entitled to additional benefits, such generalized, boilerplate allegations of "nonpayment" fall far short of the threshold for plausibility established by *Iqbal* and *Twombly*, even if they are coupled with regurgitation of plan terms that are inapplicable to what Plaintiff seeks.

Based on the foregoing, Plaintiff's ERISA claim should be dismissed in its entirety, as Plaintiff's conclusory allegations are insufficient to state a claim, even after an attempt by Plaintiff to shroud these conclusory allegations with inapplicable plan terms.

### C. Plaintiff's Cause of Action For Quantum Meruit Fail as a Matter of Law

#### 1. The Court Has Supplemental Jurisdiction Over the Quantum Meruit Claim

It is well-settled that where a complaint sets forth a claim arising under federal law, supplemental jurisdiction over the plaintiff's state law claim(s) exists when "[t]he state and federal claims . . . derive from a common nucleus of operative facts . . . such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

The standard for supplemental jurisdiction is codified in 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Article III "same case or controversy" does not require substantial overlap between the facts of the federal and the state claim. Even a "loose factual connection between the claims is generally sufficient." *Baer v. First Options of Chicago, Inc*. 72 F.3d 1294, 1299 (7th Cir. 1995); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1067 (E.D. Cal. 2005).

Where supplemental jurisdiction exists, district courts may decline to exercise that supplemental jurisdiction where:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In deciding whether to exercise or decline supplemental jurisdiction, several factors influence whether a court should exercise supplemental jurisdiction: "economy, convenience, fairness and comity." *Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579, 586 (S.D. Cal. 2010) (quoting *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.1997).

Here, the Court has supplemental jurisdiction over the quantum meruit claim pursuant to 28 U.S.C. § 1367(a). Plaintiff's causes of action are postured "such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding"

1  and there is at least a "loose factual connection" between the ERISA and quantum
2  meruit claims. *See United Mine Workers*, 383 U.S. at 725. Plaintiff is seeking to
3  recover from Anthem as to both the ERISA-Governed Plans and Non-ERISA Plans
4  with many similar factual allegations for both its ERISA claim and its state law
5  claim. (*See* Second Am. Compl., generally.) Accordingly, this Court has
6  supplemental jurisdiction to adjudicate this case in its entirety, including the federal
7  and state claims. *See Estate of McLaughlin v. Owen*, No. 11-cv-2287, 2011 WL
8  4527398, at *5 (N.D. Cal. Sept. 20, 2011); *see also Fresno Cmty. Hosp. & Med.*
9  *Ctr. v. Souza*, No. 07-cv-0325, 2007 WL 1994056, at *6 (E.D. Cal. July 5, 2007)
10 ("to the extent that the Fourth cause of action is not preempted by ERISA, the cause
11 of action will remain based on this Court's supplemental jurisdiction.").

12       Further, none of the § 1367(c) factors warrant the Court declining
13 supplemental jurisdiction. Litigating the two claims in this case, which arise
14 between the same parties and involve similar operative facts, would greatly increase
15 judicial economy and convenience to the Parties and to the Court. *See Gomez*, 270
16 F.R.D. at 587 (exercising supplemental jurisdiction in part because "consolidating
17 the state claims with the federal claims would be much more efficient" and because
18 "it would save judicial and litigant resources to litigate them all here" rather than
19 litigating the same issues in both state and federal court). Conversely, if the Court
20 declines supplemental jurisdiction, the Parties would be forced to engage in
21 duplicative litigation at the state level and another court would be required to
22 familiarize itself with the parties and the claims. This would result in two different
23 tribunals expending resources to litigate claims that could easily be handled by this
24 Court. *See id.* Litigating in two forums would also increase the costs to both
25 Parties and may also make it more difficult for the Parties to reach a global
26 resolution.

27       In addition, litigating Plaintiff's related state law claims in the same
28 proceeding as Plaintiff's ERISA claim should not prolong pre-trial practice or

41461798

- 10 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

create substantial problems with navigating discovery or trial issues as the evidence for both claims will be very similar. The Parties would be able to productively and fairly navigate any procedural issues that may arise from litigating the federal and state claims together. And, while there are some differences between the legal standard and elements of the federal and state claims, and notwithstanding that the case would involve interpretation of state law, the Court has the experience needed to navigate the distinctions in the laws and fully and fairly govern this case.

Accordingly, for each of these reasons, the Court should exercise supplemental jurisdiction over the quantum meruit claim in this case.

### 2. Plaintiff Has Failed to Allege the Essential Elements of a Cause Of Action For Quantum Meruit

While Plaintiff's Second Amended Complaint lends itself to the Court's exercise of supplemental jurisdiction over Plaintiff's quantum meruit claim, it does not state the essential elements for a quantum meruit cause of action. Under a quantum meruit theory, Plaintiff must establish that the medical services performed for the Non-ERISA Patients were for Anthem's benefit, and that Anthem requested these services. However, no such allegations exist in the Second Amended Complaint.

"To recover on a claim for the reasonable value of services under a quantum meruit theory, a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant." *Ochs v. PacifiCare of California*, 115 Cal. App. 4th 782, 794 (2004). "When the services are rendered by the plaintiff to a third person, the courts have required that there be a specific request therefor from the defendant." *Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 249 (2002). "The idea that one must be benefited by the goods and services bestowed is thus integral to recovery in quantum meruit; hence courts have always required that the plaintiff have bestowed some benefit on the defendant

as a prerequisite to recovery." *Id.*

First, Plaintiff has not alleged—nor can he allege—that Anthem referred any of its members to Plaintiff and/or ever requested that Plaintiff perform any medical services. On this basis alone, Plaintiff's quantum meruit claim must fail. *See, e.g., Cmty. Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co.*, 119 F. Supp. 3d 1042, 1052 (N.D. Cal. 2015) (in dealing with a common count claim, the court noted that "[i]n the health insurance context, it is the patient who first requests service in the form of treatment. Then, the provider... must seek authorization to provide such treatment from the insurer... No reasonable jury could conclude that [the provider] performed services at [the insurer's] request, when in fact [the provider] initiated contact with [the insurer] as to authorization.").

Further, there are no allegations in the Complaint of specific statements supported by any alleged conduct on the part of Anthem (i.e., actual facts). In *Barlow Respiratory Hosp. v. Cigna Health & Life Ins. Co.*, the court noted that when a defendant-insurer did not request that the plaintiff-provider render medical services, but rather the patient requested medical services from the plaintiff, who then contacted defendant-insurer to verify coverage eligibility, the third element of its quantum meruit claim was absent. No. 15-CV-08411, 2016 WL 7626446, at *3 (C.D. Cal. Sept. 30, 2016) (citing *Cmty. Hosp. of the Monterey Peninsula*, 119 F. Supp. 3d at 1052). Here, there is even less alleged than in *Barlow* concerning any alleged interactions between Plaintiff and Anthem. In fact, there are no allegations that Plaintiff contacted Anthem prior to rendering services to the Patients. Thus, the essential quantum meruit element of Plaintiff acting upon Anthem's request is, without question, missing. *See Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*, No. 17-cv-3871, 2017 WL 4517111, at *11 (N.D. Cal. Oct. 10, 2017) ("Even assuming that Defendants verified coverage and authorized Plaintiff to provide substance abuse treatment services through these alleged representations, Plaintiffs have not alleged enough facts to plausibly suggest that Defendants

1 requested Plaintiff to render those services because, as alleged in Plaintiff's complaint, Plaintiff initiated contact with Defendants to verify coverage and seek authorization.").

Second, there is no alleged benefit to Anthem—let alone the required "intended" benefit—where patients go out of their medical network to a provider like Plaintiff. In fact, when an insurance member (i.e., the patient) seeks treatment with an in-network provider, the insurer "can better control healthcare costs because the parties have agreed in advance upon the price and [the insurer] can use the resulting savings to provide better or lower cost coverage." *Orthopedic Specialists of S. Cal. v. Cal. Pub. Emps. Ret. Sys.*, 228 Cal. App. 4th 644, 648 (2014). Thus, the insurer "discourages members from going out of network by paying lower reimbursement rates and holding the member responsible for the unpaid balance." *Id.* There is therefore no "intended" benefit here.

Moreover, Plaintiff cannot circumvent the above requirements for his quantum meruit claim by vaguely alleging that he provided emergency services. Plaintiff provides no factual allegations regarding these alleged services, e.g., he does not allege what services were provided, for what conditions, or under what circumstances. Likewise, to the extent Plaintiff seeks to rely on provisions of the Knox Keene Act, such as California Health & Safety Code § 1371.4, to support his claim that he is entitled to his usual and customary rates, Plaintiff fails to allege that the claims at issue are under health plans that are subject to Knox Keene Act provisions.

The Knox-Keene Act is a comprehensive system of regulations that governs health care service plans under the jurisdiction of the DMHC. *See California Medical Ass'n. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal App. 4th 151, 155, n.3 (2001); *see also Nieto v. Blue Shield of California Life & Health Insurance Co.*, 181 Cal. App. 4th 60, 84-85 (2010) (acknowledging that Health and Safety Code Section 1389.3 applies exclusively to health plans regulated by the DMHC).

The Knox Keene Act does not apply to insurance companies; rather, health insurance companies are regulated by the California Department of Insurance and governed by the Insurance Code. *See Namdy Consulting, Inc. v. UnitedHealthcare Ins. Co.,* No. CV 18-01283-RSWL-KS, 2019 WL 1470849, at *4 (C.D. Cal. Apr. 3, 2019).

Here, Plaintiff alleges only that Anthem "is a for-profit corporation organized and existing pursuant to the laws of the State of California." Sec. Am. Compl. ¶ 2. Further, Plaintiff does not allege that the Knox Keene Act or its related regulations apply to the health benefit plans at issue in this litigation,[2] and his conclusory allegations regarding emergency services are insufficient to withstand *Iqbal* and *Twombly* scrutiny. *Namdy*, 2019 WL 1470849, at *4. Accordingly, Plaintiff fails to state a valid quantum meruit claim, and his claim should be dismissed.

## IV.  CONCLUSION

Anthem respectfully requests that the Court dismiss the Second Amended Complaint in its entirety. As Plaintiff has clearly demonstrated with his third attempt, there is no reason to believe that another amended complaint would be more meritorious. As such, the Second Amended Complaint should be dismissed with prejudice.

---

[2] For instance, for any patients who had plans administered or insured by Anthem Blue Cross Life and Health Insurance Company, those claims would not fall under the Knox Keene Act.

| | |
|---|---|
| Dated: March 5, 2020 | Respectfully submitted, |
| | TROUTMAN SANDERS LLP |
| | By: */s/Samrah Mahmoud* |
| | Steven D. Allison |
| | Samrah Mahmoud |
| | Jenna U. Nguyen |
| | Attorneys for Defendant |
| | BLUE CROSS OF CALIFORNIA D/B/A ANTHEM BLUE CROSS |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

41461798

- 15 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT